GREGG

*v.*

MONTAGUE, TRUSTEE, &c.

(*Supreme Court of Appeals of Virginia, March, 1882.*)

[Virginia Law Journal, 1882, p. 165.]

### Bankruptcy Proceedings—Sale of Lands under—Upset Bid—Case at Bar.

Long anterior to going into bankruptcy, a debtor had executed a deed of trust on his real estate. Two years before bankruptcy, he sold and conveyed the same to a purchaser, who then leased it to the debtor for five years. The debtor having gone into bankruptcy, the trustee in the deed of trust united with his assignee in bankruptcy, and sold this tract and another belonging to the bankrupt together, and the original vendee from the bankrupt became the purchaser of both tracts at a price about sufficient to pay off the amount due under said deed of trust. This sale was reported to the bankrupt court, but upset bids being offered, one was accepted, and an order made by the district court that unless the amount offered by this highest bidder (who was the assignee in bankruptcy) was paid within a specified time, the land should be conveyed to the purchaser at the sale. From this order an appeal to the circuit court was taken, and it was affirmed. Thereupon, the upset bidder (the assignee) paid the amount offered by him, and received a conveyance. To none of the proceedings in the bankrupt or circuit courts of the United States was the original purchaser made a party. A bill was afterwards filed by him in the state court to set aside the deed to the upset bidder (assignee), which was dismissed on demurrer.

*Held*: The decree of the circuit court was right. The plaintiff, who was the purchaser at the bankrupt sale, was a *quasi* party to the proceedings in the bankrupt court, and his remedy was to have had his purchase confirmed there, or by appeal, or bill of review in those courts.

This is an appeal from a decree of the circuit court of King William county. The facts of the case necessary for a proper understanding of the points decided are as follows, viz.: D. H. Gregg purchased of Young J. Clements a tract of land in King William county, which Gregg then leased to Clements for a term of five years. During the lease, and two years after the sale and conveyance to Gregg, Clements was adjudicated a bankrupt. Long anterior to the sale, he had executed a deed of trust on this and another tract of land to Edmund Christian, trustee, to secure a debt due to William and Mary College. Christian having died, E. B. Montague was substituted as trustee in his stead, and the latter filed his petition in the bankrupt court, and obtained an order to unite with the assignee in bankruptcy, one Jno. R. Mountcastle, for the sale of the bankrupt's real estate. Under this order both tracts were exposed to sale together, and Gregg became the purchaser of both, at a price sufficient to pay off the trust deed to Montague, substituted trustee. He paid the costs and expenses of the sale, a part of the purchase money, and gave his notes for the residue. Afterwards upset bids were made by W. M. Clement, F. Hay and said Jno. R. Mountcastle, the assignee, to the bankrupt court, which accepted Mountcastle's bid, and ordered that unless the amount offered by him be paid in a certain time, a deed for the land should be made to Gregg. From this order Mountcastle appealed to the circuit court of the United States, which affirmed the order of the district court, and Mountcastle then paid the amount offered by him for the land, and it was conveyed to him by the trustee. To none of the proceedings in the district or circuit courts of the United States was Gregg made a party, and he alleges that he had no notice of the same.

On a bill filed in the circuit court of King William county by Gregg, to set aside and annul the deed from Montague, trustee, to Mountcastle, the defendants demurred thereto,

on the ground that all the parties and the subject in contro-versy were before the bankrupt courts, and therefore the matters complained of in the bill were adjudicated by a court of competent jurisdiction. The circuit court sustained the demurrer and dismissed the bill, and from this decree Gregg obtained an appeal.

*Haw & Waddill,* for the appellant.

*W. R. Aylett* and *Sands, Leake & Carter,* for the appellees.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that there is no error in the decree of the circuit court of King William in sustaining the defendant's demurrer and dismissing the complainant's bill.

The bill upon its face, together with the exhibits filed therewith (which must be taken as a part of the bill), conclusively shows that the whole subject, of controversy in this case was fully passed upon and disposed of by the district and circuit courts of the United States ; and that the matters in controversy between the parties were fully and finally adjudicated by the decrees and orders entered in said courts.

The trustee, Montague, who held the legal title to the land in controversy was made a party to the bankrupt proceedings in the district court of the United States upon his own petition filed in said court.

Gregg, the appellant (who held the equity of redemption in said land and who became the purchaser at the sale made by Montague, trustee, and Mountcastle, assignee), was a *quasi* party to the proceedings as a purchaser.

It was before that tribunal, that he ought to have insisted on the confirmation of the sale to him, and objected to the upset bid made by Mountcastle. His remedy, if any he had, was in that court.

The allegations of the bill and the exhibits filed therewith, make it apparent that these courts—district and circuit of the United States—had jurisdiction both of the subject-matter in controversy and of the parties thereto, and that the parties submitted themselves to that jurisdiction.

The remedy of the appellant was either by a bill of review to the final judgment of the circuit court of the United States or by appeal. Not having availed himself of either of these remedies, he cannot come into a state court for redress for any grievance, real or imaginary, which he may have suffered by the decrees and orders of the United States courts. Those courts having jurisdiction of the subject-matter and of all the parties therein interested, its decree is final unless corrected either by bill of review or appeal. Certainly a state court can exercise no jurisdiction in such a case, however erroneous the decision of the United States courts may be.

It is plain, therefore, that the circuit court of King William was right in holding that it could take no jurisdiction of the matters set forth in the bill and the exhibits therein filed, and in declaring that the whole subject was passed upon by the district and circuit courts of the United States, in the bankrupt suit in the matter of Clements, the bankrupt; and that the decrees of those courts having complete jurisdiction of the subject-matter and of all the parties interested therein are final and conclusive, and cannot be inquired into by a state court.

The court is, therefore, of opinion that there is no error in the decree of the circuit court of King William county, and that the same be affirmed.

Decree affirmed.